UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O'DEAN M. GRANT,<br><br>          Plaintiff,<br><br>     v.<br><br>CAPELLA UNIVERSITY, et al.,<br><br>          Defendants. | Case No.: 1:14-cv-01678 - AWI - JLT<br><br>ORDER ON PLAINTIFF'S "MOTION FOR CLARITY"<br>(Doc. 21)<br><br>ORDER ON PLAINTIFF'S MOTION FOR A SETTLEMENT CONFERENCE<br>(Doc. 23) |

Before the Court are two motions filed by Plaintiff.  In the first, Plaintiff alerts the Court he is awaiting a decision on the motions to dismiss.  (Doc. 21)  In the second, Plaintiff expresses dissatisfaction with the speed with which his case is progressing.  (Doc. 23)  He notes that the Court has continued the scheduling conference[1] several times and, further, objects that the caption on the pleading has changed.  Id.

Plaintiff is advised that judges in the Eastern District of California carry the highest caseload per judge, on a weighted caseload basis, than in any District in the entire federal system.  Despite the population explosion in California and in California's prisons over the last three decades, this District has not received a new judgeship over that entire time.  Thus, the same number of judges the District

---

[1] Despite the Court explaining to Plaintiff once previously that scheduling the case was "not practical" at this time, seemingly, Plaintiff has not had the opportunity to research what occurs at a scheduling conference.  Thus, he is referred to Fed. R. Civ. P. 26.  While the Court *could* schedule the case at this time, since it is not clear whether the case will survive the motions to dismiss (Docs. 7, 8) or, if it does, which claims will remain.
   Notably, Plaintiff has filed his own motion seeking to remand the matter to state court based upon a purported lack of jurisdiction.  (Doc. 8)  Thus, exactly what he feels could be achieved by scheduling this case at this time is not clear.

had decades ago, now must handle a caseload that has grown exponentially. For example, in the Fresno Division, where Plaintiff filed his case, there are only two District Judges.[2] These two judges are responsible for nearly every case filed in this Division. Complicating this is the requirement of the United States Constitution, which places a priority on criminal cases. Given this, civil cases often must be delayed until the District Judge has time to consider them. The Court has no control over the number of judges allocated to this District and, as a result, must redirect Plaintiff's concerns over the lack of judicial attention paid to his case, to his elected congressional representatives.

On the other hand, because this Court lacks sufficient judicial resources, the Court has no extra time to devote to non-meritorious motions. Having to address non-meritorious motions further reduces the time available to the Court that could be spent deciding cases like Plaintiff's.

Notably, here, Plaintiff's motions are not meritorious. First, the Court is well-aware that he is awaiting a decision on the motions to dismiss. His filing a motion to remind the Court of this fact is unnecessary and patently frivolous.

Second, there is no indication Plaintiff has made any effort to approach his opponents to discuss settlement or to determine whether they are interested in doing so. Absent a showing that they, too, wish to discuss settlement at this time, the Court declines to set a settlement conference.

Finally, Plaintiff objects that the Court has changed the caption on the pleadings, though, in fact, it has not changed. Before filing such an objection, Plaintiff was obligated to conduct his own research and, had he done so, he would have learned that it is perfectly acceptable for the parties and the Court to use an abbreviated caption which notes only the first-listed defendant's name followed by the phrase, "et al." which is Latin for "and others." Hence, Sophia Pathways remains a defendant in this case and is captured by the phrase, "et al."

**ORDER**

For the reasons set forth above, the Court **ORDERS**:

1.   Plaintiff's motion for clarity (Doc. 21) is **DENIED**;

2.   Plaintiff's motion for a settlement conference (Doc. 23) is **DENIED** without prejudice. In the event the parties agree that a settlement conference would likely be fruitful, they may file a joint

---

[2] Unless and until the parties consent to the Magistrate Judge handling their case, their case will be attended to by the District Judge when he has the time to do so.

request for the Court to schedule a settlement conference.

**<u>Plaintiff is strongly cautioned not to file any further frivolous motions.  Failure to comply may result in the imposition of sanctions.</u>**

IT IS SO ORDERED.

Dated: **June 17, 2015**                                    **/s/ Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE