# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O'DEAN M. GRANT,<br><br>    Plaintiff<br><br>    v.<br><br>CAPELLA UNIVERSITY, SOPHIA PATHWAYS, AND DOES 1-12,<br><br>    Defendants | CASE NO. 1:14-CV-01678-AWI-JLT<br><br>ORDER RE: PLAINTIFF'S MOTION TO DISMISS (REMAND) AND DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT |

## I. INTRODUCTION

On October 27, 2014, this case was removed from Superior Court, County of Kern. Doc. 1, 1. On November 26, 2014, O'Dean Grant ("Plaintiff") filed a motion entitled "Motion to Dismiss Pursuant to 28 U.S.C.A. #1331" that sought a hearing on December 9, 2014 in Kern County Superior Court. Doc. 8. That same day, Plaintiff filed a motion entitled "Motion to Dismiss Removal of Action to District Court." Doc. 9. Plaintiff's motions will be treated as a motion for remand. Defendants filed a separate motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and Federal Rules of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Doc. 7. Defendant's motion also included, in the alternative, a request for more definite statement pursuant to Federal Rules of Civil Procedure 12(e) ("Rule 12(e)"). The court conflated the motions and took both matters under submission. Doc. 10.

## II. BACKGROUND

On March 20, 2014, Plaintiff filed a complaint in the Superior Court of California, County of Kern. Plaintiff filed in pro per. Doc. 1, 37. The complaint was filed on the standard Judicial

Counsel form naming Capella University Inc. and Sophia Learning, LLC (erroneous named and served as Sophia Pathways) (collectively "Defendants") and Doe defendants one through 12. Doc. 1, 38. The body of the complaint asserts a cause of action under the theory of intentional tort. Doc. 1, 39. However, Plaintiff has attached complaint forms that assert two causes of action, one under the theory of negligence and one under the theory of intentional tort. Doc 1, 40-41. Plaintiff's complaint is based on events that allegedly occurred while Plaintiff was attending online courses offered by Defendants. Doc 1, 40-41. Under the intentional tort cause of action, Plaintiff alleges Defendants "intentionally hindered, obstruct[ed], impeded and deterred" Plaintiff's "ability to learn and participate" in courses. Doc. 41. Specifically, Defendants interfered with Plaintiff's ability to access necessary tools by causing malfunctions in Plaintiff's online course page, and Defendants denied Plaintiff access to required materials by failing to provide a book allowance. Doc. 1, 41. Plaintiff alleges Defendants' conduct was fraudulent. Doc. 1, 41. Under the negligence cause of action, Plaintiff alleges that Defendants breached a professional duty of care owed to Plaintiff by withholding "all the transferrable credits available to [Plaintiff] as a transfer student." Plaintiff indicates only 115 units out of a total of 167 transfer units were accepted. Doc. 1, 40. Plaintiff also alleges Defendants violated his Civil Rights, but provides no further details. Plaintiff seeks a judgment against Defendants in the amount of $150,000 in damages. Doc. 1, 39.

**III. DISCUSSION**

**A. Legal Standard**

28 United States Code section 1447(c) provides that when a case is removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447 (2012). The statute governing removal, 28 United States Code section 1441, is strictly construed against removal. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). For this reason, it is presumed that a case lies outside the limited subject matter jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the

party asserting jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d at 1107; *Hunter v. Philip* Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). Defendants removed this action from the Superior Court, County of Kern, and have the burden of establishing the jurisdiction of the federal courts. Doc. 1. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a) (2012). Original jurisdiction may be established based on the presence of a federal question or through diversity of citizenship. 28 U.S.C. § 1331-32 (2012). However, when a claim is removed and jurisdiction is based on diversity of citizenship, none of the defendants may be "citizen[s] of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (2012).

**B. Defendants' Removal of Plaintiff's Action**

Defendants filed a notice of removal on October 27, 2014. Doc. 1. A "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant. . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding." 28 U.S.C. § 1446(b)(1) (2012). Defendants allege they were served a copy of Plaintiff's first amended complaint (FAC) on September 29, 2014. Doc. 1, 2:2. There is no indication Defendants were aware of Plaintiff's claim prior to September 29, 2014, and Plaintiff does not allege Defendants were served prior to September 29, 2014. Defendants' notice of removal, filed within 30 days of Defendant's receipt of the FAC, is filed timely. The general rule is that "all defendants in a state action must join in [a] petition for removal." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). However, when a defendant is not "properly joined and served in the action" the party does not need to join in a petition for removal. *Id.* Plaintiff filed the FAC on March 20, 2014. Doc. 1, 37. Both named defendants joined in the petition for removal. Doc 1, 1. Plaintiff's FAC includes 12 unnamed Doe defendants, but the record does not indication any of the Doe defendants were identified or served as of October 27, 2014. Defendants' notice of removal was procedurally valid because all properly served defendants joined in the petition and the petition was filed timely.

3

In Plaintiff's motion for remand, he argues removal of the case to the federal court was improper. Specifically, Plaintiff argues there is no federal question and there is not complete diversity of citizenship between the parties. Doc 8, 1:20 & 2:6. Defendants notice of removal alleges the court has original jurisdiction based on diversity of citizenship. Doc. 1, 2:22. Neither party has alleged the court has original jurisdiction based on the existence of a federal question, as such, the court will not consider this matter.

Jurisdiction is conferred on district courts through diversity of citizenship when there is: 1) complete diversity of citizenship, and 2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a) (2012). The amount in controversy is generally determined from the face of the pleadings. *See Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000); *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986).

Plaintiff's FAC seeks damages in the amount of $150,000. Doc. 1, 39. The amount in controversy exceeds $75,000, which satisfies one of the two requirements of diversity jurisdiction. The other requirement of diversity jurisdiction, complete diversity of citizenship, is established when "each defendant is a citizen of a different State from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Challenges to diversity of citizenship must be based on "the state of facts that existed at the time of filing. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008) (citation omitted). A natural person's state citizenship is "determined by [his/]her state of domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is [his/]her permanent home, where [he/]she resides with the intention to remain or to which [he/]she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d at 857; *Lew v. Moss,* 797 F.2d 747, 749 (9th Cir.1986). In Plaintiff's FAC, he provide a contact address in California. Doc. 1, 37. Plaintiff also filed the FAC in California. Doc. 1, 37. There is no indication Plaintiff has a permanent home outside of California, so Plaintiff is regarded as a citizen of California for diversity of citizenship purposes. Defendant Capella University is a corporation. Doc. 1, 1:20. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (2012).

4

1  Defendants indicate Capella University is a Minnesota corporation with its principal place of
2  business being in Minnesota. Doc. 1, 12-13. Plaintiff has not provided facts to the contrary.
3  Capella University and Plaintiff are not citizens of the same state, so there is diversity of
4  citizenship between these parties.

5  Defendant Sophia Learning, LLC is a limited liability company. Doc. 1, 2:13. LLC legal
6  entities "resemble both partnerships and corporations." *Johnson v. Columbia Properties*
7  *Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). When confronted with the issue of how to
8  determine the citizenship of a LLC for purposes of 28 United States Code section 1332, the Ninth
9  Circuit noted that the Supreme Court has consistently "refus[ed] to extend the corporate
10 citizenship rule to non-corporate entities, including those that share some of the characteristics of
11 corporations." *Id.* (referring to the Supreme Court's refusal to extend the corporation citizenship
12 rule to limited partnerships or to limited partnership associations). Taking this into consideration,
13 the Ninth Circuit held that LLC entities should be treated "like partnerships for the purposes of
14 diversity jurisdiction." *Id.* As such, "[a] LLC is a citizen of every state of which its
15 owners/members are citizens." *Id.* Defendants indicate Sophia Learning, LLC is a Delaware
16 limited liability company with a principal place of business in Minnesota. Doc. 1, 2:13. However,
17 Defendants do not indicate the state citizenship of the LLC owner/members. Based on record, the
18 court cannot determine whether there is diversity of citizenship between defendant Sophia
19 Learning, LLC and Plaintiff.

20 The court will order defendant Sophia Learning, LLC to provide a list of all
21 owner/members of Sophia Learning, LLC. The list should include sufficient information for the
22 court to determine the citizenship of all owner/members, including: the state of domicile for any
23 natural persons that are owner/members; the state of incorporation and principal place of business
24 of any corporations that are owner/members; and the corresponding owner/members of any LLC
25 or partnership owner/members of Sophia Learning LLC. The information provided should be
26 reflective of the point in time when the FAC was filed. Upon receipt of the additional information,
27 the court will determine whether removal was proper.  If the court has original jurisdiction over
28 the claim, the court will address Defendants' separate motions.

## IV. ORDER

Accordingly, IT IS HEREBY ORDERED that defendant Sophia Learning, LLC file a response to Plaintiff's motion for remand within 30 days. Specifically, defendant Sophia Learning, LLC should address Plaintiff's claim that complete diversity of citizenship is lacking.

IT IS SO ORDERED.

Dated:  July 9, 2015

SENIOR DISTRICT JUDGE