UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O'DEAN M. GRANT,<br><br>   Plaintiff,<br><br>  v.<br><br>CAPELLA UNIVERSITY, et al.,<br><br>   Defendants. | Case No.: 1:14-cv-01678 - AWI - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERTS<br><br>(Doc. 34) |

  Before the Court is Plaintiff's motion requesting the Court appoint experts to conduct "forensic testing of poison of plaintiff's urine and food." (Doc. 34 at 1) Moreover, he requests the Court provide him a physical and mental examination because he believes the FBI has implanted microchips into his body. Id. at 2. He requests also that the Court provide his great nephew and great niece a physical examination because he asserts that they have undergone sexual assault by the FBI. Id. Finally, Plaintiff requests all data gathered from the microchips implanted into his body to be produced. Id. For reasons, not limited to the fact that the Court lacks the authority to appoint experts for Plaintiff, the motion is **DENIED**.

**I. Allegations of the complaint**

  In his complaint, among other claims, Plaintiff alleges that Capella University improperly withheld from him $30,000 worth of federally funded educational grant money and failed to attribute to him college credits he completed elsewhere. (Doc. 1 at 11) Likewise, he complains that Capella failed to provide him a "book allowance" to which he was entitled." Id. at 12.

Defendants removed the action to this Court based upon a claim of diversity jurisdiction. (Doc. 1 at 2) Currently, the Court is considering the motions to dismiss filed by both parties. (Docs. 7, 8, 10) Because these motions are under submission, the Court has not scheduled the case and discovery has not begun.

## II.    Appointment of experts

The Court is authorized to appoint an expert witness and allocate the fee between the parties pursuant to Rule 706 of the Federal Rules of Evidence. Appointment of an expert may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue. . . ." Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997); see also Fed. R. Evid. 702. Accordingly, the purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party. See Gamez v. Gonzalez, 2010 WL 2228427, *1 (E.D. Cal. June 3, 2010) ("Rule 706 does not contemplate the appointment of, and compensation for, an expert to aid one of the parties") (citation omitted).

Importantly, these principals are not altered when the Court authorizes a party to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). As the Fifth Circuit explained, "The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995). An indigent prisoner must bear the costs of litigation, including fees for his witnesses. Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (explaining the use of public funds on behalf of an indigent witness is proper only when authorized by Congress, and 28 U.S.C. § 1915 "does not waive payment of fees or expenses for . . . witnesses"). Nevertheless, when one party is indigent, the Court has discretion to apportion the entirety of an expert fee to the other party. McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated and remanded on other grounds by* Helling v. McKinney, 502 U.S. 903 (1991).

## III.   Discussion and Analysis

As explained above, the Court is not authorized to appoint an expert witness to act for Plaintiff. Rather, an expert may be appointed to assist the trier of fact and the costs apportioned only where it "will promote accurate factfinding." Gorton v. Todd, 793 F. Supp. 2d 1171, 1179 (E.D. Cal. 2011) (citation omitted). To determine whether an expert should be appointed, the Court should consider "a

party's ability to obtain [an] independent opinion" and "whether a party's capacity to acquire expert testimony is limited due to factors outside of his control, including whether he is indigent or incarcerated." Id. at 1184.

Here, there is no evidence Plaintiff is indigent nor incarcerated and, moreover, there is no showing that the topics upon which Plaintiff seeks expert assistance, has any bearing on this case. Moreover, the discovery has not begun in this matter and, given the competing motions to dismiss, it is uncertain whether the matter will proceed beyond this preliminary stage.  Thus, the motion is **DENIED.**[1]

IT IS SO ORDERED.

Dated:   **August 24, 2015**              /s/ Jennifer L. Thurston
                                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] In doing so, the Court notes the claims made in the motion are fantastical and  not credible.  The Court has serious concerns about Plaintiff's current mental stability and strongly encourages him to seek out the free assistance provided by the Kern County Mental Health Department.  Services may be obtained 24-hours per day at the crisis stabilization unit at the Mary K. Shell Health Center located at 2151 College Avenue, Bakersfield, CA.