# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O'DEAN M. GRANT,<br><br>            Plaintiff,<br><br>     v.<br><br>CAPELLA UNIVERSITY, et al.,<br><br>            Defendants. | Case No.: 1:14-cv-01678 - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE AND VACATE THE COURT'S DECISION DATED AUGUST 24, 2015<br><br>(Doc. 38) |

On August 31, 2015, Plaintiff filed a motion to "set-aside and vacate the decision to deny Plaintiff's request for expert witness(es)." (Doc. 38) Based upon the relief requested, the Court construes Plaintiff's request as a motion for reconsideration.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States*

*v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).

Here, Plaintiff fails to comply with requirements and procedures set forth in Local Rule 230(j), which requires a party to identify "the material facts and circumstances surrounding [the] motion for which reconsideration is sought," including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." Rather, Plaintiff shows no more than a disagreement with the Court's prior order, which explained that the Court lacks the authority to appoint experts for Plaintiff. (See Doc. 35)

Given the procedural and substantive defects of the request, **IT IS HEREBY ORDERED**:

1. Plaintiff's request to set aside the prior ruling, construed as a request for reconsideration (Doc. 38), is **DENIED**.

Plaintiff is reminded that judges in this Court carry the highest caseload in the entire federal system, and his motions—made without regard to proper procedures or controlling law— force the Court to expend time on his frivolous filings. Previously the Court cautioned Plaintiff that the filing of "any further frivolous motions . . . may result in the imposition of sanctions." (Doc. 24 at 3, emphasis omitted) As a result, **<u>if Plaintiff files another frivolous motion in this action, the Court will issue an order requiring him to show cause why monetary sanctions should not be imposed pursuant to Local Rule 110.</u>**

IT IS SO ORDERED.

Dated:   **September 3, 2015**         **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE

2