1

2

3

4

5

6

7

8

9

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

10

**O'DEAN M. GRANT**,                    1:14-cv-1678-AWI-JLT

11          Plaintiff,                    **ORDER DENYING PLAINTIFF'S**
                                          **MOTION TO REMAND**
12    v.

13    **CAPELLA UNIVERSITY, SOPHIA**      **ORDER GRANTING DEFENDANTS'**
      **PATHWAYS, AND DOES 1-12**,        **MOTION TO DISMISS**
14
                                          (Docs. 7, 8)
15          Defendants.
      _____/

16

17                          **I. Plaintiff's motion to remand.**

18          On July 9, 2015, this Court considered Plaintiff's motion to dismiss, which it interpreted

19    as a motion to remand. The Court ordered Sophia Learning Company, LLC (erroneously named

20    as Sophia Pathways) (hereinafter "Sophia") to file a response detailing the citizenship of its

21    owner / members. Sophia did so. Sophia is a wholly owned subsidiary of Capella Education

22    Company (hereinafter "Capella"); Capella Education Company is Sophia's sole member / owner.

23    *See* Defendants' Response to July 9, 2015 Order, Doc. 30 at Exh. A-C. Defendants' citizenships

24    for purposes of diversity jurisdiction are therefore both in the state of Minnesota. *See Johnson v.*

25    *Colombia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir.2006) ("[L]ike a partnership, an

26    LLC is a citizen of every state of which its owners/members are citizens.")

27

28

                                          1

Because Plaintiff is a citizen of California and Defendants are all citizens of Minnesota, complete diversity has been established. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 465, 373 (1978). Because Plaintiff seeks damages in the amount of $150,000.00, the $75,000.00 amount in controversy requirement is met. Accordingly, Defendant has established subject matter jurisdiction. Plaintiff's motion to remand will therefore be denied.

## II. Defendants' motion to dismiss.

Plaintiff's complaint alleges causes of action for negligence and "intentional tort." Doc. 1 at 11-12. Defendants move, in the alternative, for dismissal based on a lack of subject matter jurisdiction (standing), dismissal for failure to state a claim, and for a more definite statement. The common thread running through Defendants' motion is that it is unclear what injuries Plaintiff has suffered and who Plaintiff believes to be responsible for those injuries. For purposes of clarity, this Court reads the following theories from Plaintiff's complaint: (1) negligence in (a) failing to apply federal student grant funds to Plaintiff's student account or to pay those grant funds to Plaintiff, and (b) failing to accurately apply Plaintiff's transfer units, earned through coursework outside of Capella University, to Plaintiff's Capella University transcript; and (2) fraud in (a) obstructing Plaintiff's participation in his classes; and (b) accepting federal grant funds on Plaintiff's behalf without crediting his student account. Doc. 1 at 11-12.

### A. Lack of Article III Standing

#### *1. Legal Standard*

The jurisdiction of the federal courts is limited to "cases" and "controversies." U.S. Const. art. III, § 2. "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir.2004). A challenge to standing is appropriately raised as a motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011); *see also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

In order to establish Article III standing, a plaintiff must show that "(1) he or she has suffered a 'concrete and particularized' injury to a cognizable interest, (2) which is 'fairly traceable to the challenged action of the defendant' and (3) which likely can be redressed by a favorable decision." *National Council of La Raza v. Cegavske*, --- F.3d ----, 2015 WL 5155434, *5 (9th Cir. Sept. 3, 2015) (quoting *Bennett v. Spear*, 520 U.S. 154, 167 (1997)). The second element, causality or traceability, requires a plaintiff to show that the injury is causally linked to a defendant's alleged misconduct, and not the result of misconduct of some third party not before the court. *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1141 (9th Cir. 2013) (citation omitted).

*2. Discussion*

Defendants contend that Plaintiff cannot establish that his injuries were caused (i.e. the injury is not fairly traceable to any action) by either defendant, therefore he lacks Article III standing. Doc. 7 at 3-4. Specifically, Defendants notes that Plaintiff does not explain how either Defendant "stole approximately $25,000 to $30,000" in federal grant money or how the alleged theft took place. The Court agrees. Plaintiff only offers vague, conclusory statements that federal grant funds were afforded to Plaintiff and that Defendants improperly diverted those grants. The Court cannot glean from Plaintiff's complaint or any of the attached exhibits how or why Plaintiff has come to the conclusion that both (or either) of the Defendants has negligently or fraudulently diverted funds. Similarly, Plaintiff does not explain how Defendants obstructed his ability to participate in his coursework.

Because this dismissal is based on a lack of clarity in Plaintiff's complaint, Plaintiff will be afforded an opportunity to amend his complaint to explain the basis for his belief: (1) that Defendants received federal grants related to Plaintiff's education and (2) that the Defendants failed to properly credit Plaintiff's student account for any such grants. *See Maya*, 658 F.3d at 1067 (9th Cir.2011) (In determining constitutional standing, "it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits,

further particularized allegations of fact deemed supportive of plaintiff's standing." ) Failure to do so will result in dismissal of this action.

**B. Failure to State a Claim**

 *1. Legal Standard*

  A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869, (1969), the allegations must be factual in nature, *see Twombly*, 550 U.S. at 555 ("[A] Plaintiffs' obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

  The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a Plaintiffs' complaint:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Moss v. U.S. Secret Service*, 572 F.3d 962, 970 (9th Cir.2009) (quoting *Iqbal*, 556 U.S. at 679).

1    *2. Discussion*

2    In accordance with the direction from the United State Supreme Court to read *pro se*

3    filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and in the interest of judicial

4    economy, this Court will consider all of the facts pled in considering each cause of action.

5    Further, as this Court will explain, the basis for the two misrepresentation based claims is largely

6    identical and differs only in the state of mind attributed to Defendants.

7    <u>i. Negligence</u>

8    For a plaintiff's negligence claim to meet federal pleading requirements that plaintiff

9    must "plead a short and plain statement of the elements of his or her claim." *Bautista v. Los*

10   *Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000); *accord* Fed.R.Civ.P. 8. "Each allegation

11   must be simple, concise, and direct." Fed.R.Civ.P. Rule 8(d)(1). In evaluating whether a

12   complaint should be dismissed under Rule 8 of the Federal Rules of Civil Procedure, dismissal

13   does not turn upon whether "the complaint is wholly without merit." *McHenry v. Renne*, 84 F.3d

14   1172, 1179 (9th Cir. 1996). Instead, a claim is subject to dismissal where it is unclear who

15   plaintiff is suing and for what wrongs. *See Id*. at 1177; *Shaw v. City of Porterville*, 2015 WL

16   3795026, *5 (E.D. Cal. June 17, 2015).

17   "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to

18   conform to a certain standard of conduct for the protection of others against unreasonable risks

19   (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection

20   between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss

21   (damages).' " *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry v. Sax*,

22   158 Cal.App.4th 983, 994 (Cal. App. 2008) (internal quotations omitted)).

23   As noted in Section II(A)(2), *infra*, the conclusory nature of Plaintiff's pleading prevents

24   this Court from being able to determine the underlying basis for the wrongs that Plaintiff has

25   attempted to allege. For the same reason, Plaintiff's negligence claim fails under Rule 8. Plaintiff

26   will be granted leave to amend. Plaintiff's amended complaint should allege specific conduct by

27   each of the Defendants that he believes entitles him to relief. For instance, he should allege how

28

1  each of the Defendants have "placed technical [and] monetary … impediments in his path…"

2  and the role of each defendant in "st[ealing] … $25,000 to $30,000 worth of federally protected

3  grant money." Such allegations should include the basis for Plaintiff's belief that federal grants

4  were issued to Capella or Sophia and the amount that Plaintiff believes was issued.

5                              ii. Misrepresentation

6         With regard to Plaintiff's negligent withholding of transferrable units allegation,

7  generally an academic institution bears no duty to students regarding academic advisement or

8  credit transfer. *Telluselle v. Hawaii Pacific University*, 2012 WL 3800213, *2-3 (D. Hi. Aug. 31,

9  2012) *aff'd* 528 Fed.Appx. 739 (9th Cir. June 17, 2013) (citing, *inter alia*, *Brown v. Compton

10  Unified Sch. Dist.*, 80 Cal.Rptr.2d 171, 172 (Cal. App. 1998)). A claim may exist if the academic

11  institution specifically undertook such a duty or explicitly promised a student that his or her

12  educational credits would transfer; that situation may yield claims for negligent or fraudulent

13  misrepresentation. *See Hall v. Apollo Group, Inc.*, 2014 WL 4354420, *4-5 (N.D. Cal. Sept. 2,

14  2014); *cf. Telluselle*, 2012 WL 3800213, *4-5 (denying a student's claim for negligent failure to

15  transfer units and breach of contract where "[d]efendants made no promises" regarding transfer

16  of units). Claims involving misrepresentation sound in fraud and are subject to the heightened

17  pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *Hall*, 2014 WL 4354420,

18  *3-4. A claim of fraud "must state with particularity the circumstances constituting fraud."

19  Fed.R.Civ.P. 9(b). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must

20  state the time, place, and specific content of the false representations as well as the identities of

21  the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388,

22  1392–93 (9th Cir.1988) (internal quotation marks omitted).

23         The core elements of negligent and fraudulent misrepresentation are the same: (1) a

24  misrepresentation or concealment of a material fact; (2) knowledge of its falsity or lack of

25  reasonable ground for belief in the truth of the representation; (3) intent to induce reliance; (4)

26  actual and justifiable reliance; and (5) resulting damage. *Trigueiro v. Bank of America*, *N.A.*,

27  2015 WL 4983599, *5 (E.D. Cal. Aug. 19, 2015) (citing *OCM Principal Opportunities Fund,

28

*L.P.*, 157 Cal.App.4th 835, 845 (Cal. App. 2007)). Negligent misrepresentation is a variant of fraud that entails the assertion of a fact that is not true by one who has no reasonable grounds for believing it to be true. *Id.* (citing Cal.Civ.Code § 1709, 1710). "Fraud differs from negligent misrepresentation only insofar as negligent misrepresentation does not carry a requirement of intent to induce reliance, or a requirement that the defendant actually know the representation is false." *Id.* (citing, *inter alia*, *Cadlo v. Owens-Illinois, Inc*., 125 Cal.App.4th 513, 519 (Cal. App. 2014)).

Again, Plaintiff's complaint fails to meet the pleading requirements, in this instance, Rule 9(b) and Rule 8. Plaintiff will be granted leave to amend. In order to allege claim for negligent or fraudulent misrepresentation, Plaintiff would be required to allege the content and date of the statement or statements by a specified defendant advising (or promising) Plaintiff regarding the transfer of his 167 educational units. Any such claim should be styled as a separate cause of action, entitled "Negligent or Fraudulent Misrepresentation."

### iii. Intentional Tort

Intentional tort is a category of tort claims; it is not a singular, actionable claim. The claims articulated in Plaintiff's "intentional tort" cause of action, sound in fraud or conversion: e.g., "I was forced by fraudulent practices … to pay for my whole … enrollment at Capella by loans – while my grants were being stole[n]…." Doc. 1 at 12. The elements of fraud are the same as those articulated above for fraudulent misrepresentation. *See Ali v. Humana, Inc.*, 2012 WL 4829313, *5 (E.D. Cal. Oct. 10, 2012). As also noted above, this claim is subject to the pleading requirements of Rule 9(b).

Plaintiff's intentional tort claim suffers from the same defect as his negligence claim; the pleading is largely conclusory and lacks factual support. To the extent that Plaintiff sought to allege a fraud claim, it will be dismissed for failure to comply with Rule 9(b) and Rule 8. In order to remedy this defect as to his fraudulent non-distribution of federal grant funds, Plaintiff must state the basis for his belief that he was "rob[bed], cheat[ed], and … intentionally defraud[ed] … out of nearly $50,000 to $60,000." Plaintiff must explain how he came to the

$50,000 to $60,000 figure, the basis for his belief that federal grants were awarded to him and provided to Defendants,[1] when those funds were awarded, and the basis for his belief that those funds were not applied to his student account. If Plaintiff's fraud claim is based on some other theory, he must full explain the underlying factual basis for that theory, including the time, place, and specific content of any false representations as well as the identities of the parties to the misrepresentation.

The elements of conversion are "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Lee v. Hanley*, --- P.3d ----, 2015 WL 4938308, *10 (Cal. Supr. Aug. 10, 2015) (citing *Welco Electronics, Inc. v. Mora*, 224 Cal.App. 4th 202, 208 (Cal. App. 2014)) (internal quotations omitted). To the extent that Plaintiff sought to allege a conversion claim, it will be dismissed for failure to comply with Rule 8. In this context, conversion differs little from fraud. The only significant difference would be *when* Defendants formed the intent to deprive Plaintiff of federal grant funds. If before acceptance of the funds on Plaintiff's account, the claim would appropriately be alleged as fraud. If after, the claim is conversion. It is unlikely (and unnecessary) that Plaintiff could know when such intent was formed. Those claims are appropriately pled in the alternative. The pleading requirements to meet this cause of action are the same as noted above for fraud.

**C. More Definite Statement**

Because Plaintiff's complaint is dismissed with leave to amend, Defendants' motion for more definite statement is moot.

### III. Order.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to dismiss (remand) is DENIED;

2. Defendants' motion to dismiss is GRANTED as follows:

---

[1] If a Pell grant or some other federal educational grant was provided to Defendants for Plaintiff's education, either of Defendants acceptance of the grant funds on his behalf would satisfy the misrepresentation element of a fraud cause of action if Defendants never intended to apply the funds to Plaintiff's student account.

a.  Plaintiff's claims are DISMISSED, with leave to amend, for lack of standing because Plaintiff has failed to allege an injury attributable to Defendants.

b.  Plaintiff's claims are DISMISSED, with leave to amend, for failure to state a claim.

3. Any amended complaint must be filed within 45 days of the date of this Order. Failure to do so will result in dismissal of this case for lack of Article III standing.

4. The Clerk's Office is respectfully directed to serve a paper copy of this Order on Plaintiff.

IT IS SO ORDERED.

Dated:   September 9, 2015                 _____
                                          SENIOR   DISTRICT   JUDGE

9