**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **O'DEAN M. GRANT,**<br><br>    **Plaintiff**<br><br>    **v.**<br><br>**CAPELLA UNIVERSITY, SOPHIA PATHWAYS, AND DOES 1-12,**<br><br>    **Defendants** | **CASE NO. 1:14-CV-1678 AWI JLT**<br><br>**ORDER RE: MOTION TO DISMISS**<br><br><br>**(Doc. 45)** |

## I. Background

Plaintiff O'Dean Grant was a student taking online courses that were administered by Defendants Capella University and/or Sophia Learning, LLC (erroneously named as Sophia Pathways). Plaintiff originally filed suit in Kern County Superior Court alleging generally that Defendants somehow defrauded him of federal student aid grant money and improperly denied him academic credit. The case was removed to federal court. Defendants filed a motion to dismiss. Doc. 7. That motion was granted; the complaint was dismissed with leave to amend. Doc. 40. Plaintiff filed an amended complaint. Doc. 41. Defendants have filed a second motion to dismiss. Doc. 45. The motion is opposed. Doc. 47.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar,

646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n.4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). The Ninth Circuit has distilled the following principles from Iqbal and Twombly: (1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; (2) the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. Dichter-Mad Family Partners. LLP v. United States, 709 F.3d 749, 761 (9th Cir. 2013). If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012). However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. Mueller v. Aulker, 700 F.3d 1180, 1191 (9th Cir.

2012); Telesaurus VPC. LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

### III. Discussion

In the prior complaint, Plaintiff failed to make sufficiently clear factual allegations to state a claim. In his new complaint, Plaintiff has removed detail from his claims instead of adding detail. The entirety of the facts Plaintiff provides is "The school has failed to transfer all monies distributed to me through FAFSA, student aid during my attendance; they failed to accredit plaintiff all his credits that were available to him, the school placed technical (I have photos of green and black screens), and monetary deception to drag me on." Doc. 41, at 3.

With regards to student aid, in the earlier complaint Plaintiff alleged "Capella has placed technical, monetary (i.e. withholding book allowances) impediments in my path; but has stolen approximately $25,000 to $30,000 worth of my federally provided grant money....I have been defrauded out of nearly $30,000 plus ripped off of nearly another $25,000. That is, I was forced by fraudulent practices and maneuvers to pay for my whole, inordinate, and over-extended enrollment at Capella by all loans – while my grants were being stolen, taken, kept, etc." Doc. 1, at 11-12 of 63. In the prior order, Plaintiff was specifically warned that "Plaintiff only offers vague, conclusory statements that federal grant funds were afforded to Plaintiff and that Defendants improperly diverted those grants. The Court cannot glean from Plaintiff's complaint or any of the attached exhibits how or why Plaintiff has come to the conclusion that both (or either) of the Defendants has negligently or fraudulently diverted funds....allegations should include the basis for Plaintiff's belief that federal grant were issued to Capella or Sophia and the amount that Plaintiff believes was issued" Doc. 40, 3:15-19 and 6:3-4. Plaintiff has not cured the pleading deficiency.

Regarding credits, in the earlier complaint Plaintiff alleged "Capella University/defendant negligently withheld all the transferable credits available to me as a transfer student; Capella compounded their malfeasance by rejecting even my lower level credits to which I have a double A.A. degree in psychology – their neglect in accepting 115 transferred units out of 167 – then required in addition to 115 units to attend (as they defraud me) their institution for 2 years to

receive my B.S." Doc. 1, at 11 of 63. The prior order stated that "generally an academic institution bears no duty to students regarding academic advisement or credit transfer. A claim may exist if the academic institution specifically undertook such a duty or explicitly promised a student that his or her educational credits would transfer; that situation may yield claims for negligent or fraudulent misrepresentation." Doc. 40, 6:7-13. Plaintiff has still not explained how any denial of credit gives rise to a legal claim.

Simultaneous to the new complaint, Plaintiff filed a document entitled "Notice of Disapproval: Plaintiff Opposes/Disapproves the Granting Defendants Motion to Dismiss Plaintiff's Complaint – Yet, Affording Plaintiff to Amend. Pursuant to Cal.R.Ct., Rule 3.1312(a)." Doc. 42. In this document, Plaintiff describes his frustrations with the procedural standards he is being asked to meet:

> Plaintiff contends and asserts that his disapproval to the ruling is in its entirety, and that he purports that it may well be impossible to comport to the pleading standards of the court and the defendants, in light that plaintiff's allegations are true and therefore damaging....
>
> the court is really asking me to amend my complaint to meet the defendants and the courts pleading standards, and not those of F.R.C.P., 8(a) according (f). Where it seems that the court is ordering the plaintiff, advertently or inadvertently, to argue his claims at the pleading stage, and not to allege material factual claims that are meritous (if that was the case...discovery would be obsolete). The succinct nature of the pleading standard in F.R.C.P. 8 without the benefit of uncovering tiers of fact through discovery, witness, disposition, case management etc, defeats and make procedural safe-guards, motions, etc. and all subsequent pleadings/hearings a farce, a sham and a mockery. Thus, for the court to require to elucidate on and submit more evidence of the defendants malfeasance, when in all actuality judge Ishii construction of plaintiff complaint was not only his fiduciary duty, not only did he do it well, but it was totally accurate and it is in this, plaintiff is shocked and appalled at the consequential ruling/order.

Doc. 42, 1:22-2:24. The court can only reiterate that Plaintiff is not expected to present evidence at this stage of the proceedings. What Plaintiff must do is to explain what happened, to clearly state the facts of his story that he believes gives rise to the causes of action. Baldly asserting a legal claim without stating the specific facts that explain the claim is insufficient to survive a motion to dismiss. Litigation is an admittedly difficult process but Plaintiff must satisfy the relevant Fed. Rule Civ. Proc. 8 and 9 standards to continue with this case. Plaintiff is granted one more chance to amend his complaint. If he is unable to state a claim in his next complaint, the

court may have no choice but to dismiss his claims with prejudice.

### IV. Order

Defendants' motion to dismiss is GRANTED with leave to amend.  Plaintiff may file an amended complaint within thirty (30) days of the filing of this order.

IT IS SO ORDERED.

Dated:   January 8, 2016

SENIOR  DISTRICT  JUDGE

5