1
2
3
4
5
6
7
8
9

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16

**O'DEAN M. GRANT**,                    1:14-cv-1678-AWI-JLT

            Plaintiff,            **ORDER GRANTING DEFENDANTS'**
                                **MOTION TO DISMISS WITH**
      v.                          **PREJUDICE**

**CAPELLA UNIVERSITY, SOPHIA**
**PATHWAYS, AND DOES 1-12**,        **ORDER DENYING PLAINITFF'S**
                                **MOTION FOR JUDGMENT ON THE**
            Defendants.          **PLEADINGS**

_____/    (Docs. 56, 58)

17

**I. Defendants' motion to dismiss**

18      Plaintiff O'Dean Grant ("Plaintiff") filed a Third Amendment Complaint ("TAC"),

19 alleging causes of action for negligence, negligent misrepresentation, and fraudulent

20 misrepresentation. Doc. 55 at 6-9. Defendants Capella University, Inc. and Sophia Learning,

21 LLC ("Defendants") move to dismiss based on a lack of Article III standing and for failure to

22 state a claim. Plaintiff has filed no opposition. For the following reasons, this action will be

23 dismissed with prejudice based on Plaintiff's repeated failure to state a claim.[1]

24 **A. Background**

25      Plaintiff is or was a transfer student, taking online classes at Capella University

26 ("Capella"). Prior to his education at Capella, Plaintiff was a student at California State

27

---

28 [1] Plaintiff has also filed a motion for judgment on the pleadings. In light of the dismissal and because the motion is not appropriately before the Court, that motion will be denied.

University, Bakersfield (CSUB). Doc. 55 at 7:3-5, 9:10-12. Plaintiff alleges that he earned 115 units at CSUB before he transferred to Capella. See Doc. 55 at 9:10-12. He claims that he exited Capella with the same number of units that he entered with. See Doc. 55 at 9:10-12. Plaintiff contends that he now carries approximately $40,000 in student loan debt, generated during his time as a student at Capella. Doc. 55 at 5.

Plaintiff has advanced three primary theories through the course of this litigation: (1) that Defendants unlawfully diverted federal student loan and grant funds, (2) that Defendants misled Plaintiff into believing that all of his education credits would transfer from California State University, Bakersfield, to Capella and (3) that Defendants somehow purposefully prevented Plaintiff from succeeding in the courses that he took at Capella. See Doc. 40 at 2; Doc. 54 at 3. This Court has twice before dismissed Plaintiff's complaint, explaining the specific pleading deficiencies and granting him leave to amend.

In the most recent iteration of Plaintiff's complaint he essentially reasserts the same claims. He first alleges that "Capella … [negligently or fraudulently] dispers[ed] plaintiff's federal[ly] allotted grant funds." Doc. 55 at 7:1-2, 9:14-17. Plaintiff contends that Defendants "stole [his] grants and used them for their own personal use," forcing Plaintiff to "borrow through loans" to pay his tuition. Doc. 55 at 8:13-15. Plaintiff alleges that a total of $40,000 to $50,000 in loan and grant funds that were unlawfully diverted. Doc. 55 at 7:22-25. Second, Plaintiff alleges that "Capella … failed to credit or transfer all the units [P]laintiff was eligible to receive through [Capella's] own admission … standards … as advertised by the universit[y']s web[]site and [Plaintiff's] enrolling advisor…." Doc. 55 at 8:23-26. Plaintiff acknowledges that he "did not apply for those other credits"—presumably referring to the units earned at California State University Bakersfield. However, it appears that Plaintiff understood his student advisor to have indicated that Defendants would accept more of Plaintiff's academic transfer units than were actually accepted. See Doc. 55 at 8:23-9:2. Third, Plaintiff alleges that Defendants employed a "strategy to discourage [Plaintiff] by blocking, hindering[,] and impeding [P]laintiff" from successfully completing his education. See Doc. 55 at 8:15-20. Plaintiff seems to suggest

1    that Defendants somehow made it difficult or impossible to access his course work. <u>See</u> Doc. 55

2    at 8:19-21 ("Plaintiff has pictures on his phone that shows green and black screen, yet shows the

3    course objective but not allow access to course-work… also, I have a picture that states that 'this

4    is the FBI drug surveillance unit' (sic).")

5       Plaintiff alleges that Capella "was set up, operated and controlled by the FBI, who are

6    freemasons- free-monsters where they concealed facts about their true profession and who they

7    were, and what they truly offered. (sic)" Doc. 55 at 9:7-10. From what the Court can infer,

8    Plaintiff seems to suggest that the FBI also caused Plaintiff to incur loans and/or encounter

9    academic struggles at CSUB. <u>See</u> Doc. 55 at 8:7-13 ("The intent, objective, plaintiff asserts, was

10    to duplicate the strategy they were successful with at CSUB in which plaintiff did not discern

11    …until the pattern was being repeated; i.e. the pressure that places plaintiff into the position that

12    he would have to take more classes over again thus placing him in jeopardy of losing financial

13    aid or academic disciplinary actions that would subsequently kick me out.")

14    **B. Legal Standard**

15       Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed where a

16    plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A

17    dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

18    absence of sufficient facts alleged under a cognizable legal theory. <u>Johnson v. Riverside</u>

19    <u>Healthcare Sys.</u>, 534 F.3d 1116, 1121 (9th Cir. 2008); <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th

20    Cir. 2001).

21       In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as

22    true and construed in the light most favorable to the non-moving party. <u>Mollett v. Netflix, Inc.</u>,

23    795 F.3d 1062, 1065 (9th Cir. 2015); <u>Marceau v. Blackfeet Hous. Auth.</u>, 540 F.3d 916, 919 (9th

24    Cir. 2008). However, the Court is not required "to accept as true allegations that are merely

25    conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>In re Gilead Scis. Sec.</u>

26    <u>Litig.</u>, 536 F.3d 1049, 1056-57 (9th Cir. 2008); <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979,

27    988 (9th Cir. 2001). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient

28

factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v.</u> <u>Iqbal</u>, 556 U.S. 662, 278 (2009); <u>see</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.  The Ninth Circuit has distilled the following principles from <u>Iqbal</u> and <u>Twombly</u>:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

<u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011). If a Rule 12(b)(6) motion is granted, the "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  In other words, leave to amend should be granted unless amendment would be futile.  <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 898 (9th Cir. 2002); <u>see</u> <u>Petersen v. Boeing Co.</u>, 715 F.3d 276, 282 (9th Cir. 2013) (requiring that "leave to amend … be granted with extreme liberality") (internal quotation marks omitted). A party's "repeated failure to cure deficiencies" is "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" <u>Zucco Partners, LLC v. Digimarc Corp.</u>, 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted).

**C. Discussion**

Although Plaintiff's TAC complaint is lengthier than the prior version, the newly alleged material does not cure the deficiencies previously identified. From what the court can glean from the TAC, Plaintiff appears to believe that the Federal Bureau of Investigation has worked in combination with Defendants and the California State University system to thwart Plaintiff's attempts to further his education, forcing Plaintiff to continue to take out additional student

1  loans. See Doc. 55. Plaintiff has failed to allege any factual material that would support his

2  theory. Because the Court has afforded Plaintiff multiple opportunities to amend his complaint

3  and outlined the requirements, to no avail, the Court will dismiss this action with prejudice. See

4  Doc. 54 at 4-5 (warning plaintiff that he had only one more opportunity to amend).

5  1. Unlawful Diversion of Student Loan and Grant Funds

6          Plaintiff has separated his theory regarding student loan and grant fund diversion into two

7  causes of action: fraud and negligence. Both causes of action are premised on the same alleged

8  conduct. The only distinction is the state of mind attributable to Defendant. See Doc. 40 at 5.

9  This section addresses both.

10          When this Court dismissed Plaintiff's First Amended Complaint it explained that Plaintiff

11  needed to explain "the basis for [his] belief that federal grants were issued to Capella or

12  Sophia[,] the amount that he believes was issued," Doc. 40 at 9:3-4, and Defendants' roles in

13  "stealing … $25,000 to $30,000 worth of federally protected grant money." Doc. 40 at 6:2-3.

14  Plaintiff was further instructed to explain "when those funds were awarded, and the basis for his

15  belief that those funds were not applied to his student account." Doc. 40 at 8:2-3.

16          Plaintiff has alleged that while at CSUB he received "$12,500[.00] in student Stafford

17  loan[s] and [$]5,645.00 [in] Pell Grants for each quarter." Doc 55 at 7:5-6; see Doc. 55 at 16

18  (detailing the estimated Pell Grant and Stafford Loan eligibility amounts).[2] He contends that he

19  received the same amount in loans and grants while a student at Capella. Doc. 55 at 7:3-5.

20  However, Capella "sporadically dispersed [to] plaintiff … $400.00 … here, $200.00 … there,

21  and $84 here, yet continuously [forced] plaintiff to take out loans to cover [the cost of] classes

22  and to pay for books…." Doc. 55 at 7:10-14. In another portion of Plaintiff's complaint he seems

23  to allege that Defendants "kept/withheld" all of plaintiff's grant funds. Doc. 55 at 9:12-15; See

24  Doc. 55 at 5. Equally confusing is Plaintiff's apparent belief that Defendants (and possibly the

25  FBI) are also responsible for a similar pattern of refusing to properly distribute student grant

26  funds while Plaintiff was a student at CSUB. Doc. 55 at 8:7-15.

27  ―――――――――
   [2] Alternatively, Plaintiff claims that Defendants "defraud[ed] plaintiff out of … "$9,000.00 dollars per quarter."
28  Doc. 55 at 7:25-26.

1    It is clear that Plaintiff believes that Defendants received federal student grant funds that

2    Plaintiff never received the benefit of. However, Plaintiff has again failed to provide sufficient

3    factual allegations for the Court to be able to determine whether the Pell Grant funds that

4    Plaintiff alleges to have been provided to Defendants were correctly distributed. Based on

5    Plaintiff's factual allegations, any number of lawful scenarios may have taken place; for

6    instance, the Pell Grants awarded may simply not have covered the full amount of Plaintiff's

7    tuition. In that case, it would not be surprising (or tortious) for Defendants to have facilitated

8    issuance of student loans to pay for the remainder of Plaintiff's tuition and education-related

9    expenses.

10    As with the FAC, "Plaintiff only offers vague, conclusory statements that federal grant

11    funds were afforded to Plaintiff and that Defendants improperly diverted those grants." Doc. 40

12    at 3:15-16. This time, feasibility of amendment inquiry is different. Plaintiff has repeatedly failed

13    to articulate any basis in fact for his allegations. It appears that Plaintiff can plead no additional

14    facts that might allow him to state a plausible claim. Plaintiff's claims regarding Defendants'

15    alleged failure to properly distribute his loan and grant funds will be dismissed with prejudice.

16    Plaintiff will not be given leave to amend.

17    2. Transfer of Student Credits

18    Plaintiff's TAC contains allegations that Defendants misrepresented that they would

19    accept transfer units that they in fact would not accept. For instance, Plaintiff alleges that

20    Capella's website and the student advisor that helped Plaintiff enroll in courses both led Plaintiff

21    to believe that all of the units that he earned at CSUB would transfer to Capella. Plaintiff alleges

22    that Defendants failed to honor their promise.[3]

23    "Claims involving misrepresentation sound in fraud and are subject to the heightened

24    pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure." Doc. 40 at 6 (citation

25    omitted).  "The Ninth Circuit has 'interpreted Rule 9(b) to mean that the pleader must state the

26    time, place, and specific content of the false representations as well as the identities of the parties

27
---
[3] Plaintiff also seems to suggest that Capella University is actually "operated and controlled by the FBI, who are freemasons…." Doc. 55 at 9:7-8.

28

1  to the misrepresentation.' " Doc. 40 at 6 (quoting <u>Alan Neuman Prods. Inc. v. Albright</u>, 862 F.2d

2  1388, 1392-93 (9th Cir. 1988) (some internal quotation marks omitted). As the Court previously

3  instructed Plaintiff, he was "required to allege the content and date of the statement or statements

4  by a specified defendant advising (or promising) Plaintiff regarding the transfer of his 167[4]

5  educational units." Doc. 40 at 7. Plaintiff failed to identify who made the specific representation

6  and what the specific representation was. Simply indicating that Capella's website and one of its

7  advisors generally advised him that his credits would transfer is inadequate to meet the

8  specificity requirements Rule 9(b). Again, as Plaintiff has been afforded multiple opportunities to

9  amend and continues to fail to state a claim, this claim will be dismissed with prejudice. Plaintiff

10 will not be given leave to amend.

11 <u>3. Placement of Barriers in Plaintiff's Path</u>

12     Plaintiff's final allegation is that Defendants, apparently in conjunction with officials

13 from the CSU system and the FBI, have conspired to prevent him from completing his

14 coursework at Capella. In support of this allegation, Plaintiff informs the court that he "has

15 pictures on his phone that shows green and black screen, yet shows the course object but not

16 allow access to the course-work… also, I have a picture that states that 'this is the FBI drug

17 surveillance unit.' (sic)" Doc. 55 at 8:18-21.

18     Plaintiff has not provided sufficient factual allegations to indicate that Defendants

19 engaged in any actionable conduct related to purposefully inhibiting Plaintiff's completion of his

20 coursework. This claim will be dismissed with prejudice. Plaintiff will not be given leave to

21 amend.

22 <u>4. Conclusion</u>

23     Having determined that none of the ascertainable theories in Plaintiff's TAC state a

24 claim, the Court will dismiss this action, in whole, with prejudice.

25 ───────────────
[4] Plaintiff's only reference to the number of educational units at issue in the TAC was to note that Defendants did
26 credit him with 115 educational units from CSUB.  Even considering all of the complaints that Plaintiff has filed, in
   combination, the Court cannot determine whether the educational units that Plaintiff seeks recognition for were
27 recognized at CSUB, where those units were earned, or even if Plaintiff specifically discussed transfer of those units
   to Capella with any of Defendants' staff.  The detail necessary for the Court to understand Plaintiff's claim is simply
28 lacking.

## II. Plaintiff's motion for judgment on the pleadings

Plaintiff moves for judgment on the pleadings. Federal Rule of Civil Procedure 12(c) permits a party to seek judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." As Defendants correctly note, judgment on the pleadings is inappropriate before an answer has been filed because the pleadings have not closed. Doc. 63 at 1 (citing In re Villegas, 32 B.R. 742, 744-745 (B.A.P. 9th Cir. 1991). "A motion for judgment on the pleadings should [only] be granted where it appears the moving party is entitled to judgment as a matter of law." Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003). Moreover, if there is a material dispute regarding the facts of the parties' pleadings, a motion for judgment on the pleadings cannot be granted. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

In this case, no answer has been filed; the limited facts articulated are likely in dispute; and, as decided above, even taking all of the facts as true, Plaintiff's allegations fail to state a claim. Plaintiff is not entitled to judgment as a matter of law. Plaintiff's motion for judgment on the pleadings will be denied.

## III. Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Defendants' motion to dismiss is GRANTED as follows:

    a.  Plaintiff's TAC is DISMISSED in whole, with prejudice.

2.  Plaintiff's motion for judgment on the pleadings is DENIED.

    The Clerk of the Court is respectfully directed to close this case.

    The Clerk of the Court is further respectfully directed to mail a copy of this order to Plaintiff.

IT IS SO ORDERED.

Dated:   April 12, 2016                          _____

SENIOR  DISTRICT  JUDGE

8